NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

## AUGUST KALAYIS, PETITIONER, v. GEORGE PUCHINKIS, RESPONDENT.

**Petitioner Injured and Compensated, Bureau Holding the Injuries Temporary—More Than a Year After Adjudication This Petition is Filed Alleging Tuberculosis as the Result of the Injury—Held, That Proper Procedure Should be by Appeal From Original Determination, That the Case is Res Adjudicata; but Bureau Examined Into Facts at Length and Held, Also, That There Appeared no Causal Connection Between Accident and Present Condition.**

On claim petition.

For the petitioner, *Samuel Greenstone.*

For the respondent, *Charles W. Weeks.*

\*    \*    \*    \*    \*    \*    \*

The alleged accident occurred on the 29th day of October, 1923, and the original petition was filed April 17th, 1924, in which it was claimed that the petitioner, while lifting a heavy outside door, received a severe strain causing serious hemorrhage and internal injury affecting the heart and nervous system. After several hearings upon this petition a determination was filed in which it was adjudged that the only disability shown by the proof was a temporary condition of acute dilatation of the heart, for which condition compensation was allowed, and the claim that the petitioner was suffering from a permanent disability due either to a heart condition or tuberculosis was decided adversely to the petitioner. In the new petition, filed June 3d, 1925, petitioner claims permanent disability as a result of a tubercular condition, and objection is made to this claim on the ground that the original determination is *res adjudicata,* and that the remedy, if any, of the petitioner, was by way of appeal

47

from that determination. I think this objection is well taken.

Counsel for the petitioner attempts to avoid the effect of the determination on the original petition by the assertion that the chronic tubercular condition alleged to exist at this time is an increased disability, but by no stretch of the imagination can the alleged tubercular condition be said to be an increase of the disability determined to be existing at the time of the original adjudication, and if this petition is to be treated as a new application for compensation on the basis of a different disability than that ·claimed in the original petition, such a claim is barred by the objection of the respondent that the petition was not filed within the time specified in section 23, subdivision h. That this objection is also well taken at once appears from a reading of the case of *Luszcs* v. *Seaboard By-products Co.,* 127 *Atl. Rep.* 212.

While I think the petition should be dismissed for the reasons given above, I am, nevertheless, reluctant to dispose of the case on technical grounds, and for that reason I have examined all of the testimony with great care.

Petitioner now claims that the alleged existing chronic tubercular condition causes his present disability, and that this tubercular condition resulted from the strain attendant upon lifting the door on the day in question, and in support of this contention he produced two doctors who did not see the petitioner until, in the case of Dr. English, over one year after the happening of the alleged accident, and in the case of Dr. Gluckman over two years after the happening of the accident, and while these physicians said, in answer to a hypothetical question, that in their opinion there was a reasonable probability that the tubercular condition was caused by the lifting of the door, upon cross-examination it was developed that if there was any causal connection between the strain and the lighting up of a latent condition of tuberculosis, the symptoms of activity would be in evidence within a period at the outside of eight weeks thereafter. It also appeared on their cross-examination that in their opinion he had a latent condition of tuberculosis at the time

of the happening of the accident, and that such a condition might be lighted up by any number of causes, some of which involved physical strain (such as chopping wood) or trauma and other causes which had no relation to strain; and further, that the latent condition might become active without any cause whatever but from the progressive tendencies of the disease itself, and even in the face of treatment designed to eliminate or retard the tubercular condition. With this testimony in mind, we turn to the facts as they developed on the original hearing, and it appears from the testimony of the petitioner himself that he had chopped wood after the alleged accident and did various other things about the house involving some strain. Furthermore, it appears from the testimony of his own family physician, who was called in upon the day in question, that an examination made at that time by him eliminated any condition of tuberculosis, and that he treated the man until some time in March of the following year for dilatation of the heart. In addition to this, the petitioner was examined at the health clinic conducted by the department of health of the city of Newark by Dr. Fine on several occasions in the months of February and March, 1924, and his examination showed that the petitioner had nothing wrong with his heart or lungs. His sputum was examined and found to be negative as to tubercular bacilli. Dr. Fine also had an X-ray picture taken on February 16th, 1924, by Dr. Baker, who produced the plate and testified that the X-ray showed no evidence of any tuberculosis.

Dr. Brown examined the petitioner in December of 1923 and testified that he found no evidence of a tubercular condition existing at that time, so that from the testimony of all of the medical men who had the petitioner under observation for a period of time immediately following the happening of the accident, it appears that no symptoms of an active condition of tuberculosis existed within a period of upwards of two months following the lifting of the door, and it therefore appears that the opinions of Dr. English and Dr. Glucksman finds no support in the facts as developed by the testimony. In this connection it is worthy of note that none

of the physicians who testified for the petitioner at the original hearing are produced to support his present claims.

I have not attempted in this determination to recite all of the facts indicating the non-existence of any symptoms of an active condition of tuberculosis, but, from the short resume given above, it will appear conclusively, I think, that the petitioner failed to bear the burden of proving the causal connection between the happening of the accident and the alleged tubercular condition which under the cases he is required to do. *Bryant* v. *Fissell,* 84 *N. J. L.* 72; *Krapowitch* v. *Public Service Railway Co.,* 3 *N. J. Mis. R.* 933; *Kitka* v. *Standard Underground Cable Co.,* 3 *Id.* 951; *Magolda* v. *Central Ice and Cold Storage Co.,* 3 *Id.* 953.

On the contrary, the weight of the testimony affirmatively shows that there is no causal connection existing between the lifting of the door and the tubercular condition testified to by Dr. English, and any finding to the contrary would be the result of mere guess or speculation. It might not be out of place to point out also that no attempt has been made upon the part of the petitioner to exclude the idea that his present condition is the result either of the natural progressive tendencies of the disease itself, or of any one of the number of the causes testified to by his own physicians with which the defendant had no connection. That this is his duty is pointed out in the case of *Migliaccio* v. *Public Service Railway Co.,* 3 *N. J. Adv. R.* 1427, in which the Supreme Court said:

"It is incumbent upon the plaintiff to exclude the idea that death was due to a cause with which the defendant was unconnected. This is pointed out in the opinion of the present Chief Justice in the case of *Suburban Electric Co.* v. *Nugent,* 58 *N. J. L.* 658. We think the plaintiff failed to exclude in his testimony the idea that death was due to a cause with which the defendant was unconnected. To permit the recovery of a judgment upon the testimony of the present case would be to permit a jury's guess or speculation to deprive a defendant of its property."

The duty to exclude the existence of other possible causes with which the defendant was not connected was also established by the opinion of Mr. Justice Magie in the case of *Houston* v. *Traphagen,* 47 *N. J. L.* 23.

I, therefore, find that the petitioner has not only failed to negative the existence of other possible causes for his present condition, but has also failed to establish any causal connection whatever between the alleged accident of October 29th, 1923, and the present alleged condition of tuberculosis, and further, from a preponderance of all the testimony in this case, it appears that there is no causal connection between the alleged accident and the present condition.

\*          \*          \*          \*          \*          \*          \*

HARRY J. GOAS,
*Commissioner.*